The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate order.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer.
3. Plaintiff's average weekly wage is $902.04.
4. Plaintiff was employed by defendant-employer from 1981 to the present.
5. Until 31 January 1980 Aetna was the compensation carrier on the risk; from 1 February 1980 to 31 January 1987 Pennsylvania Manufacturers Indemnity Company was the compensation carrier on the risk; and from 1 February 1987 to the present, Harleysville Insurance Company was the compensation carrier on the risk.
* * * * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. Plaintiff, who is 67 years old, had been employed by defendant-employer since 1981 as an electrician and job foreman. His duties include estimating jobs, procuring materials, supervising electrical crews, and performing electrical work.
2. Prior to his employment with defendant-employer, plaintiff worked for many years as an apprentice electrician, a journeyman electrician, and a high voltage cable splicer with several companies. In most of these prior employments, plaintiff had significant exposure to asbestos and asbestos-containing products. For example, from 1958 to 1964 he was employed at a John Manville plant where he was "absolutely covered with asbestos dust in the air." From 1954 to 1955 he worked at the G.E. plant in Hickory mixing up asbestos with his hands and coating high voltage cables with asbestos tape and fiber. During this employment he was breathing a lot of asbestos dust.
3. Prior to 1981 Plaintiff had a long-standing history of significant pulmonary and respiratory problems, including multiple episodes of pneumonia. In 1975 plaintiff was hospitalized for several weeks for severe pulmonary impairment following his exposure to a chemical fire. In the course of the hospitalization plaintiff underwent a bronchoscopy and open lung biopsy which revealed diffuse pulmonary disease but no evidence of asbestos bodies in plaintiff's lungs.
4. Plaintiff was exposed to asbestos to some extent during the course of his employment with defendant-employer.
5. Asbestosis is the characteristic fibrotic condition of the parenchymal and interstitial tissue of the lung.
6. Pleural plaquing is a condition of the pleura that's characteristic of asbestos exposure. However, pleural plaques do not constitute asbestosis. Pleural plaques are generally not considered a significant cause for impairment. The development of pleural plaques takes place over a long period of time, i.e., 10 to 15 years or longer.
7. Plaintiff does not have asbestosis.
8. Plaintiff does have asbestos-related pleural plaques, but he manifests no abnormal ventilatory impairment according to the convincing evidence of record.
9. There is insufficient convincing evidence of record to conclude by its greater weight that plaintiff's employment with defendant-employer was a significant contributing factor to his development of pleural plaques.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSION OF LAW
Plaintiff's claim for benefits under the Workers' Compensation Act is HEREBY DENIED, inasmuch as he does not suffer asbestosis compensable under G.S. 97-53 (24), nor is his asbestos-related pleural plaquing a compensable occupational disease within the meaning of G.S. 97-53 (13).
* * * * * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
ORDER
1. Plaintiff's claim is HEREBY DENIED.
2. Each side shall pay its own costs.
3. Defendants shall pay an expert witness fee of $275.00 to Dr. Loper, and $425.00 to Dr. Shanks.
IT IS FURTHER ORDERED that this case be REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1996.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ J. RANDOLPH WARD COMMISSIONER
S/ _______________________ COY M. VANCE COMMISSIONER
JHB/nwm 06/18/96